## Case No. 3,516.

### CUSHMAN v. WADDELL.

### [Baldw. 57.][1]

Circuit Court, D. New Jersey. April Term, 1830.

ASSAULT AND BATTERY—EVIDENCE IN MITIGATION —PROVOCATION.

1. In an action of assault and battery to which the general issue is pleaded, the defendant may give in evidence his state of mind, caused by an excitement or provocation so recent or immediate, as not to allow the blood to cool.

2. The legal effect of such evidence is not to excuse the defendant from paying compensatory damages, but will excuse him from paying such as are exemplary.

3. If the alleged provocation is a previous assault and battery by the plaintiff of the son of the defendant, evidence of the transaction is not admissible; but the defendant may give in evidence the appearance of the son, and the account he gave to the defendant at the time he first saw him, so as to enable the jury to decide on the cause and extent of the provocation.

This was an action of assault and battery, plea not guilty, issue, &c. The plaintiff was a schoolmaster in Trenton, under whose care the defendant had placed one of his sons, who had been severely punished by the plaintiff for some offences. He was seen by his father immediately afterwards, when the appearance of the boy indicated the infliction of serious injury. The father went to the boarding house of the plaintiff, attacked and beat him severely, accompanied with very intemperate and vindictive language, and other circumstances of aggravation. The defendant offered, in mitigation of damages, to prove the correction of the son by the plaintiff to have been a cruel, wanton, and undeserved one, and to give all the circumstances attending it in evidence.

Mr. Southard and Mr. Scott, for plaintiff, objected to the admission of this evidence, on the ground that an action of assault and battery was now pending against the plaintiff for the same act, and that on the general issue, the defendant could give nothing in evidence except what occurred at the time of the assault and battery, or some immediate or recent provocation, before the blood had time to cool. Lee v. Woolsey, 19 Johns. 319; 1 Saund. Pl. & Ev. 100, 127; Bull. N. P. 17; Avery v. Ray, 1 Mass. 12, 14. The plaintiff will be taken by surprise by evidence of any thing not happening at the time, or so immediately preceding it as to make the provocation a part of the res gestae, and the court will not collaterally examine into the merits of the suit for the correction of the son.

Mr. Halsey and Mr. Wood, for defendant, contended, that: Inasmuch as the matter now offered in evidence was in mitigation of damages only, and could not be

[1] [Reported by Hon. Henry Baldwin, Circuit Justice.]

pleaded in justification to the action, it was admissible to show the state of mind of the defendant (3 Starkie, 1460; 2 Bos. & P. 2245, note; 12 Mod. 232), the absence of malice (1 Penn. 169, S. P.), or a high degree of excitement on seeing the situation of his son, after he had been punished, as in 1 Hale, P. C. 453; 12 Co. Litt. 87; Royley's Case, Cro. Jac. 296. The provocation is part of the res gestae; and on a mere question of damages, it is proper for the jury to know its nature and extent, so as to enable them to decide whether the assault and battery was the result of passion, and excited feelings, under recent provocation, or deliberate and maliciously intended injury.

BY THE COURT. We cannot go into evidence of the circumstances attending the correction of the defendant's son by the plaintiff, as it would be neither a justification, nor mitigation of damages in this action, however aggravated the case may have been on the part of the plaintiff. We therefore reject the evidence offered, so far as it respects the nature of the infliction on the boy: but we think evidence admissible to show the situation of the son, after the transaction; the account he gave of it on his father's first seeing him; and the conduct and declarations of the latter, from that time to the attack on the plaintiff; otherwise the jury cannot decide whether the defendant acted under the influence of the sudden excitement produced by the situation and story of his son, or a disposition to inflict a wanton injury or disgrace upon the plaintiff.

The evidence was admitted. The only question for the jury was the amount of damages. THE COURT laid down the following as the rule of law by which they ought to be guided:

That whether the defendant acted wantonly and maliciously, or under the excitement of the occasion, the plaintiff was entitled to such damages as would compensate him for any injury he may have sustained in his person, or his occupation, and all expenses incurred in consequence of the injury. That no provocation, however great or immediate, could excuse the defendant from making full compensation for all the plaintiff had suffered by the unlawful attack on his person; nor could any provocation, so remote in point of time from the infliction of the injury to his son as to allow the excitement to subside and leave the defendant to act coolly and deliberately, be any mitigation of damages. But if the jury were satisfied that he acted in the heat of passion caused by the appearance and account of his son, without any previous malice towards the plaintiff, or any deliberate design to injure him in person or the estimation of the public, it was a circumstance which ought to operate powerfully to reduce the damages to such as would be compensatory. If death had ensued from the blows inflicted by the defend-

ant, his offence would have been murder or manslaughter, according to the degree of excitement or deliberation with which it was committed. The same rule is applicable to actions for personal injuries, whenever a plaintiff claims damages beyond those which afford him remuneration for all injuries he has sustained.

The jury found a verdict for $1,500. A motion was made for a new trial, on account of excessive damages, but before any decision of the court, the case was compromised.